**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ANTHONY W. MICHAELIS, *et al.*,  )<br>)<br>)<br>Defendants.  )<br>) | **Criminal Case No.<br>2:22-CR-00024-DLB-MAS**<br><br>**Related Civil Case No.<br>2:25-CV-00061-DLB-MAS** |

**REPORT & RECOMMENDATION**

Defendant/Movant Anthony W. Michaelis ("Michaelis"), filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which was received and docketed on April 29, 2025. [DE 68]. Perceiving the motion as likely time-barred, the Court ordered briefing limited to the issue of timeliness. [DE 70]. Although Michaelis sought an extension to respond [DE 75], he never filed a response. Considering Michaelis included some timeliness arguments in his original petition, the Court then ordered the United States to respond [DE 77], which it did [DE 78]. Because Michaelis's motion is untimely and equitable tolling does not apply on this record, the undersigned recommends dismissal of the pending § 2255 motion.

**I.  FACTUAL BACKGROUND**

The Sixth Circuit summarized the factual background of the charges against Michaelis.

In April 2022, a grand jury returned an indictment charging Michaelis with conspiracy to distribute cocaine, fentanyl, and methamphetamine, in violation of 21 U.S.C. § 846 (count one); possession with intent to distribute cocaine, fentanyl, methamphetamine, and marijuana, in violation of 21 U.S.C. § 841(a)(1) (counts two, three, four, eight, and nine); brandishing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count five); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (count six). Pursuant to a written plea agreement, Michaelis pleaded guilty to two counts: possession with intent to distribute cocaine (count two) and brandishing a firearm in furtherance of a drug-trafficking crime (count five). The government agreed to move for dismissal of the remaining nine counts.

[DE 64, Page ID# 294]. Michaelis was ultimately sentenced "as a career offender to a below-guidelines term of 174 months' imprisonment for count two and to a consecutive term of 84 months' imprisonment for count five to be followed by six years of supervised release." [DE 64, Page ID# 295].

Michaelis appealed his case to the Sixth Circuit challenging the voluntary nature of his guilty plea and his sentence. The Sixth Circuit rejected his arguments and, on January 4, 2024, affirmed the decision of the District Court. [DE 64].

Michaelis filed his current habeas petition on April 29, 2025. Neither the petition nor the attached envelope provides an alternative date as to when Michaelis signed the petition or mailed the petition, respectively.

## II. ANALYSIS

Section 2255 provides "[a] 1-year period of limitation" for filing petitions. This one-year period runs from "the latest of" four specified events: (1) the date the judgment of conviction becomes final; (2) the date the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action; (3) the date the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

Under 28 U.S.C. § 2255(f)(1), Michaelis had one year from "the date on which the judgment of conviction [became] final" to file his § 2255 petition. A conviction becomes final upon the conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Because Michaelis pursued a direct appeal to the Sixth Circuit, his conviction became final after the 90-day window to seek *certiorari* expired. *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017). The Sixth Circuit affirmed the judgment on January 4, 2024 [DE 64], making the conviction final on April 4, 2024. *See* SUP. CT. R. 13(1). The one-year limitations period thus began to run on April 5, 2024. *See* FED. R. CIV. P. 6(a)(1)(A). One year later, April 5, 2025, fell on a Saturday. Thus, the deadline to file his petition was extended to the next business day: Monday, April 7, 2025. *See* FED. R. CIV. P. 6(a)(1)(C). As already mentioned, Michaelis's petition is undated, and no mailing date appears on the envelope or elsewhere in the record. Absent a declaration or notarized statement in compliance with Rule 3(d) of the Rules Governing 2255 Proceedings, the Court must rely on the docketed file date—April 29, 2025—which falls outside the limitations period. On this record, the petition appears untimely.

Michaelis suggests that § 2255(f)(2) may apply. [DE 68, PageID# 319]. Specifically, Michaelis cites that he first had to serve a state sentence before beginning his federal sentence. [DE 68, PageID# 319]. And while serving that state sentence, the law library at his facility did not have access to federal habeas materials. [DE 68, PageID# 319]. Section 2255(f)(2) statutorily tolls the limitations period until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." To invoke it, a petitioner must allege: (1) an impediment to filing; (2) that the impediment was created by unconstitutional or unlawful governmental action; and (3) that the impediment actually prevented timely filing. *Simmons v. United States*, 974 F.3d 791, 796–97 (6th Cir. 2020).

As the Sixth Circuit has made clear, the complete denial of access to a law library, in the absence of any other form of legal assistance, would constitute a deprivation of the right of access to the courts under 2255(f)(2). *See Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020). "But '[w]hether a prisoner has demonstrated the existence of a state-created impediment is highly fact dependent.' 'To hold that the absence of library access may be an 'impediment' in principle is not necessarily to say that lack of access was an impediment for a given prisoner. 'In principle' is a vital qualifier.'" *Id*. (internal citations omitted). In other words, Michaelis's lack of access to federal materials in a law library could serve as a basis to extend the deadline, but Michaelis must be specific. The particular facts and details matter. As another court recently found,

> [Defendant] does not provide the facts necessary for the Court to evaluate meaningfully [Defendant's] claim about "limited access" to the library. For example, [Defendant] does not allege: (1) when he sought access to the prison law library; (2) the purpose for which he sought access to the law library; (3) the identity of the person(s) who denied him access and the reasons given; or (4) whether the jail provides access to other forms of legal assistance, such as jailhouse lawyers. These factors are important because prisons may place reasonable restrictions on inmates' access to a law library. Prisons may forgo providing a law library entirely in favor of providing other forms of legal assistance. Absent answers to the foregoing questions, the Court cannot determine whether [Defendant's] alleged "limited access" is: (1) a constitutional deprivation; (2) merely the product of reasonable restrictions on law library use; or (3) a choice to replace law library access with other forms of legal assistance.

*Davis v. Bonner*, No. 2:24-cv-2585, 2025 WL 2396519, at *4 (W.D. Tenn. Aug. 18, 2025). Like the defendants in *Davis*, Michalis has likewise not answered many of the specific questions that would allow the Court to determine the validity of his argument. Without substantially more detail, Michaelis's efforts to utilize 2255(f)(2) fall short.

Because the AEDPA statute of limitations is non-jurisdictional, equitable tolling of the limitations period may apply in appropriate § 2255 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). But the doctrine must be "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petition may be equitably tolled only if the petitioner demonstrates *both* that "he has pursued his rights diligently" *and* that "some extraordinary circumstance prevented timely filing." *Id.* The Court evaluates an equitable tolling request under this two-part framework. *Hall v.*

*Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011). Based upon the current record, Michaelis has not shown that he is entitled to equitable tolling.

Initially, even if Michaelis spent the entire prior year in state custody, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough*, 259 F.App'x 211, 213 (11th Cir. 2007); *United States v. Fredette*, 191 F.App'x 711, 713 (10th Cir. 2006)). Indeed, a "lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling" as those "conditions are typical for many prisoners, and therefore do not constitute extraordinary circumstances." *Chapman-Sexton v. United States*, No. 2:16-CR-00141(1), 2021 WL 292027, at *3 (S.D. Ohio, Jan. 28, 2021), *report and recommendation adopted*, No. 2:16-CR-00141(1), 2021 WL 982718 (S.D. Ohio Mar. 16, 2021) (citing *Hall*, 662 F.3d at 750–51; *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016)). Further, Michaelis does not detail "why his being housed [in state custody] would prevent him from filing a motion with this Court." *Vincent v. United States*, No. 1:10-cr-4, 2013 WL 149710, at *3 (W.D. Ky. Jan. 14, 2013). *See also United States v. Foster*, No. 12-cr-20218, 2017 WL 1174473, at *3 (E.D. Mich. Mar. 29, 2017).

But the record is clear that Michaelis was not in state custody for the entire year before the 2255(f)(1) deadline. And to that end, Michaelis never provides an excuse as to why his habeas petition was not filed in the months before the year deadline when he was in federal custody. Michaelis acknowledges during those months he had access to legal materials and learned about his habeas rights. [DE 68, Page ID# 319]. *See, e.g., United States v. Scott*, No. 3:09-cr-132, 2010 WL 2342471, at *1 (N.D. Ohio June 9, 2010) ("There is no indication that Scott was prevented from pursuing a Section 2255 motion before his placement in SHU"). Although Michaelis was not placed in the SHU, the logic is the same. Michaelis had a period within the one-year period where he had access to the necessary legal materials and still failed to file his petition.

In sum, it is the movant's burden to demonstrate entitlement to equitable tolling, and Michaelis has not done so on this record. Michaelis has in no way demonstrated that he was diligently pursuing his rights during the one-year period in which he could have timely filed a § 2255 motion. Accordingly, having provided "fair notice" of the petition's timing deficiencies and having permitted both sides an opportunity to respond on the issue, the Court recommends dismissal of Michaelis's § 2255 motion as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Reasonable jurists could not debate the procedural timeliness result in this case, should the District Judge adopt it. The docket progression confirms that § 2255(f)(1) provides the applicable limitations period commencement date and that, under the relevant Supreme Court and other procedural rules, Michaelis's filing was untimely. Nor has Michaelis established enough detail to provide a basis for that § 2255(f)(2) provides an alternative limitations period. And Michaelis also has not discharged his burden of demonstrating tolling entitlement based on his general allegations of state custody. Michaelis plainly failed to account for his failure to pursue the filing of a timely petition during the months he was in federal custody. A certificate of appealability may not issue because this result is not reasonably debatable.

Though the Court recognizes the harshness of this result, it nonetheless must faithfully apply the relevant legal standards, including those pertaining to tolling, and enforce the statutory procedural rules as Congress intended. *See Robertson*, 624 F.3d at 784 (noting that tolling should be invoked only "sparingly"); *Dodd v. United States*, 545 U.S. 353, 359 (2005) (emphasizing generally that, despite "the potential for harsh results in some cases, [courts] are not free to rewrite the statute[s] that Congress has enacted" pertaining to important postconviction procedural rules).

The Court thus recommends denial of a certificate of appealability concerning the procedural denial of Michaelis's § 2255 motion [DE 68].

## IV.   CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS**:

1. The District Court **DENY**, with prejudice, Michaelis's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 68]; and

2. The District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. See also Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and

Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); Thomas v. Arn, 106 S. Ct. 466 (1985).

    Signed this the 29th of September, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY